**LEO SHEEP COMPANY, a Wyoming corporation, Plaintiff,**

v.

**Paul A. SCHUSTER, District Director, Internal Revenue Service, United States Treasury Department, Defendant.**

**Civ. No. 4779.**

United States District Court
D. Wyoming.
Nov. 4, 1964.

Clarence A. Brimmer, Jr., Rawlins, Wyo., for plaintiff.

Robert N. Chaffin, U. S. Atty., Cheyenne, Wyo., for defendant.

KERR, District Judge.

Plaintiff taxpayer is a Wyoming corporation seeking to recover the sum of $2,964.49 in federal income taxes and interest thereon, allegedly erroneously assessed and collected by the government for the taxable years ended 1959 and 1960. The jurisdictional requirements are satisfied. The increased taxation resulted from the government's disallowance of plaintiff's write-down of five year old ewes from $11.00 to $6.50, and the consequent disallowance of the deduction of that amount in 1959 and 1960.

Since 1931 plaintiff had used the unit valuations of its livestock. The prices established were $6.50 per head for lambs, $11.00 per head for running-age ewes, and $6.50 per head for old ewes. Running-age ewes are two, three and four year old sheep, and old ewes are five years old or older. In 1944, when the unit-livestock-price method was instituted the taxpayer adopted that method and the unit price value in conformity with its previous constant price method.

Taxpayer's opening inventory as of January 1, 1959, disclosed the three different categories of sheep priced at the same prices as used in prior years. From the end of the second year through the end of the fourth year the mature ewe had an inventory value of $11.00 and its value in the opening inventory of the fifth year was $11.00. At the end of that fifth year, however, the inventory value of that mature ewe was reduced by the taxpayer to $6.50 even though its business and actual income did not show a $4.50 difference in cost of "raising" that five year old ewe.

After its 1961 audit the Internal Revenue Service adjusted the taxpayer's closing inventory for the years 1959 and 1960 so that the opening and closing inventory figures for the five year old and older ewes would remain $11.00. Thereafter, the taxpayer was not permitted to write down the closing inventory of its old ewes because of their age and regardless of their cost.

Taxpayer contends that the government's change in the established unit-livestock-prices on old ewes is arbitrary and capricious and in violation of Mim. 5790. It argues that the discontinuance of further write-downs amounts to an increase in value of the old ewes when the old ewes did not actually increase in value during the years 1959 and 1960. It states that the old ewes could not sell at the $11.00 price and therefore it does not accurately reflect their value.

Taxpayer predicates its right to a refund on the premises that since the taxpayer has not requested a change of the unit prices or classifications long established and constantly used by it, the government may not require a change; that failure to recommend changes after

previous examinations by the government precludes the government from subsequently recognizing an error and recommending an adjustment and change to correct it; and that the unit-livestock-price method contemplates an evaluation based on market value instead of the cost to produce the animal to maturity.

■ I cannot agree with taxpayer's theories. I do not hold that the Internal Revenue Service may, upon a mere whim, change the unit prices or classifications by arbitrarily determining that there has been an increase or decrease in costs. I do hold, however, that the government may change the unit-livestock-price when it finds that the laws or regulations are being circumvented or violated. The government is not estopped from requiring a change in classifications simply because no change had been required previously or because no objection to the taxpayer's method had been made. Visintainer v. Allan, D.C. Colo., 191 F.Supp. 425 (1961), affirmed, 10 Cir., 301 F.2d 312 (1962). An erroneous method cannot be tolerated merely because it was not corrected earlier. The Secretary or his delegate are authorized to determine or prescribe methods of accounting and bases of inventories which clearly reflect income. Section 446 and Section 471, Internal Revenue Code of 1954, 26 U.S.C. §§ 446 and 471. The regulations permit livestock raisers to value their inventories according to the unit-livestock-price method. Treasury Regulations, Sec. 1.471–6(c), 1954 Code; 26 C.F.R. Sec. 1.471–6(c). The purpose and effect of the unit-livestock-price method is to ascertain and reflect as accurately as possible the cost of livestock in order to clearly reflect the income of the livestock raiser.

■ Under the regulations, the livestock raiser determines what it costs to produce an animal and raise it to maturity. T.D. 5423, 1945 Cum. Bull. 70; Mim. 5790, 1945 Cum. Bull. 72, 75; Treasury Regulations (1954 Code), Sec. 1.471–6 (e), 26 C.F.R. Sec. 1.471–6(e). Under the regulations the mature animal is the ultimate and final classification. The taxpayer has not shown this court that the classification of "old ewes" is a reasonable classification, nor has it proved that $6.50 reasonably accounts for the cost incurred in producing the old ewes. The government did not act arbitrarily or capriciously when it disallowed the write-down by discontinuing the classification of "old ewes" which is meaningless insofar as cost of production is concerned.

The unit livestock method is geared to cost. As stated repeatedly, the purpose of that method is to reflect the cost used in raising an animal to maturity. Little v. Commissioner, 9 Cir., 294 F.2d 661 (1961). There was evidence of taxpayer's costs in raising a lamb to maturity as a running-age ewe. There was evidence of the selling price of old ewes in 1959 and 1960. There was no evidence of the cost of "raising" the old ewe. Indeed, once the animal reaches maturity as a running-age ewe with the unit price of $11.00, there would be no additional cost to "raise it to maturity". The only cost to the livestock raiser after the animal has been raised to maturity is maintenance cost and that cost is deductible.

It is my conclusion that plaintiff has not sustained its burden to prove that its hybrid unit-livestock-price method is allowed by law or that it accurately reflects its income. Inferentially, taxpayer admits that its method actually distorts its income, but it claims less distortion than under the government's requirements. It is my conclusion, also, that plaintiff has adopted its classification and unit valuation on market value rather than cost, thereby misconceiving and misapplying the basic idea of the unit-livestock-price method. The unit-livestock-price method accounts for only an increase in cost in raising an animal to maturity; it does not provide for any decrease in the market value of an animal after reaching maturity. The taxpayer's inventory write-down of the value of old age ewes, therefore, is not allowable under the unit-livestock-price method, and the government's change to take effect prospectively from 1959 is permitted under the laws and regulations,

This opinion sufficiently states the findings of fact and conclusions of law of the Court. Further findings of fact and Conclusions of Law are not necessary.

Judgment of dismissal will be entered accordingly.