SCHUMACHER *v.* STATE TAX COMMISSION

Mr. John R. Hay, Portland, Oregon, argued the cause and submitted a brief on behalf of plaintiff.

Mr. A. W. Pedersen, Assistant Attorney General, Salem, Oregon, argued the cause and submitted a brief on behalf of defendant.

Decision for plaintiff rendered December 30, 1965.

EDWARD H. HOWELL, Judge.

This is a suit to set aside an order of defendant commission assessing additional income taxes against plaintiff for the years 1959, 1960 and 1961.

For many years prior to his death in 1959, Daniel Schumacher and his wife, the plaintiff herein, were co-owners and operators of a cattle ranch in Lake County, Oregon. During all years subsequent to 1951 they filed their Oregon income tax return on an inventory basis, using the "unit-livestock-price" method. For the tax year 1959 plaintiff filed a joint return with the deceased as his widow and for 1960 and 1961 plaintiff filed separately for herself and for the estate as executrix.

The issue in this case involves an interpretation of defendant's Reg. 314.285(F). This regulation allows a farmer to file his return on an inventory basis instead of a cash receipts and disbursement basis. Farmers who elect to use the inventory method are given a choice between methods known as the "farm price method" and the "unit-livestock-price method." These systems were made available to farmers "because of the difficulty of ascertaining actual cost of livestock and other farm products." Specifically for the unit-

livestock-price method used in this case the regulation states:

> "The 'unit-livestock-price method' provides for the valuation of the different classes of animals in the inventory at a standard unit price for each animal within a class. A livestock raiser electing this method of valuing his animals must adopt a *reasonable* classification of the animals in his inventory with respect to the age and kind included so that the unit prices assigned to the several classes will *reasonably account for the normal costs incurred in producing the animals within such classes. The classification selected by the livestock raiser, and the unit prices assigned to the several classes, are subject to approval by the commission upon examination of the taxpayer's return.*
>
> "A taxpayer who elects to use the 'unit-livestock-price method' must apply it to all livestock raised, whether for sale or for breeding, draft, or dairy purposes. *Once established, the unit prices and classifications selected by the taxpayer must be consistently applied in all subsequent years in the valuation of livestock inventories. No changes in the classification of animals or unit prices will be made without the approval of the commission.*" (Emphasis supplied.)

Pursuant to the regulation, in 1952, the taxpayer used the following classifications of livestock and unit prices for each class:

| | |
|---|---|
| Cows | $55.00 per head |
| Yearlings | 40.00 " " |
| Weaners | 25.00 " " |
| Calves | 20.00 " " |

In 1959, the year of Daniel Schumacher's death, after an audit, the defendant commission adjusted the closing livestock inventory for 1959 (and the opening

and closing inventories for 1960 and 1961) to reflect livestock unit prices as follows:

| | |
|---|---|
| Cows | $100.00 per head |
| Yearlings | 56.00 " " |
| Weaners | 25.00 " " |
| Calves | 17.00 " " |

The defendant commission's action in using its prices for the ending livestock inventory in 1959 and using the taxpayer's valuations for the beginning inventory increased the taxpayer's gross income for that year and resulted in a tax deficiency of $3,763.00 for 1959.

The defendant, in support of the increased valuations, contends that the unit prices for each classification of livestock as initially established by the taxpayers in 1952 do not accurately reflect 1959 costs of raising such livestock. The plaintiff argues that the unit prices established in 1952 were reasonable, that they have been consistently employed in all subsequent years as required by Reg. 314.285(F), *supra,* and that the defendant commission does not have the authority under the regulation to adjust the 1959 ending inventory prices without the consent of the taxpayer.

This issue must be resolved against the plaintiff. There is apparently no question about the taxpayers acting properly in their original classification of the livestock, that the unit prices originally assigned reflected the normal costs of producing such animals, and that such classification and prices were consistently applied in all subsequent years. However, the regulation still gives to the defendant commission "upon examination of the taxpayer's return" the right of approval of the classifications and the prices assigned by the taxpayer. It is true that the regulation

does *not* specify which return. The plaintiff argues that the right of examination and approval applies to the initial 1952 return and when the defendant commission did not challenge the return the classifications and prices used by the taxpayer became "established" and cannot be changed. The ideal situation for both the taxpayer and the commission would be for the commission to examine each farmer's initial return and establish the prices and classifications with the taxpayer at the start but this is administratively impossible because of the number of farm returns filed with the tax commission. The fact that the commission did not challenge the 1952 prices assigned by the taxpayer until 1959 should not estop the commission from such examination to determine if the prices assigned represent the normal costs of production of the different classes of livestock. *Leo Sheep Co. v. Schuster,* 234 F Supp 761, 64-2 USTC ¶ 9825, 14 AFTR2d 5885 (1964); *Visintainer v. Allan,* 191 F Supp 425, 61-1 USTC ¶ 9306, 7 AFTR2d 887, aff'md., 301 F2d 312, 62-1 USTC ¶ 9429, 9 AFTR2d 1324 (1962). If this were not so, obviously low prices not reflecting normal costs of livestock production could be assigned and the commission would be powerless to adjust such prices if they did not audit the first return.

Next the plaintiff contends that if the defendant commission had the authority to adjust the 1959 closing inventory, then it must also adjust the opening inventory or it will result in "bunching" or distorting income into one particular year when such income is not all attributable to that year.

■ The regulation requires the farmer to adopt a reasonable classification of the animals with respect to age and kind and requires that the prices assigned reflect the *normal costs* incurred in producing the

animals within such classes. The plaintiff is not arguing about the 1959 prices assigned by the commission. The commission apparently is not arguing about the 1952 prices assigned by the taxpayer. The commission in effect is saying: "Somewhere between 1952 and 1959 the costs incurred in bringing an animal to maturity increased from $55 to $100 per cow so we are going to adjust your 1959 income." It would appear obvious that not all of the increased cost or production represented by the $100 price developed during the single year 1959. It occurred between 1952 and 1959.

■ The farmer should not be penalized because he did not know in 1952 what his costs were going to be in 1959. The commission's own regulation barred him from adjusting prices or classifications after 1952 without the consent of the defendant.

In addition, if the farmer had 400 head of cows on hand at the end of 1959 it would be obvious that not all of them became cows during 1959. If the 1959 prices were applied to all animals on hand at the end of 1959, regardless of the year the animals were produced, changed status or matured, then it would appear that income distributable over seven years is bunched into one year unless an adjustment is made in the opening inventory for 1959.

■ The defendant argues that adjusting the opening inventory would result in a double deduction of costs. This argument was considered and rejected in *Fruehauf Trailer Co. v. Commissioner,* 42 TC 83 [Dec. 26, 737] (1964):

> "* * * it is better that the taxpayer be the recipient of a windfall than to bunch income in a current year that should have been regarded as income in an earlier year."

See also *S. Weisbart & Co. v. Commission*, T C Memo 1964-130, p. 797.

This cause is remanded to the defendant commission with directions to revalue and revise the beginning 1959 inventory.

No costs to either party.